RECEIVED-CLERK
U.S. DISTRICT COURT

2006 DEC -5 A 9: 22

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Mory Traore A#73-644-633<br><br>Petitioner<br><br>V.<br><br>Alberto Gonzalez,<br>ATTONEY GENERAL;<br>Michael Chertoff,<br>SECRETARY OF THE DEPARTMENT OF<br>HOMELAND SECURITY;<br>Scott Weber,<br>DIRECTOR OF DETENTION AND<br>REMOVAL OPERATIONS<br>NEWARK DISTRICT FIELD OFFICE;<br>Oscar Avilez,<br>WARDEN OF HUDSON COUNTY<br>CORRECTION CENTER MMIGRATION<br>DETENTION FACITLIY,<br><br>Respondents. | Civil Action No. 06-5824<br>(KSH) |

**PETITION FOR WRIT OF HEABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

Petitioner, Mory Traore, hereby petitions this Court for writ of habeas corpus to remedy Petitioner's unlawful detention by Respondents. In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

## CUSTODY

1. Petitioner is in the physical custody of respondents and U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is detained at the Hudson County Correction Center in Kearny, New Jersey. ICE has contracted with Hudson County Correction Center to house immigration detainees such as Petitioner. Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

3. This Court has jurisdiction under 28 U.S.C. § 2241; art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

4. Petitioner has exhausted any and all administrative remedies to the extent required by the law.

## VENUE

5. Pursuant to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the District of New Jersey, the judicial district in which Petitioner resides.

## PARTIES

6. Petitioner is a native and citizen of The Republic of Ivory Coast. Petitioner was first taken into ICE custody on September 22, 2004 and has remained in ICE custody continuously since that date. Petitioner was ordered removed on November 14, 2002. Petitioner did not appeal his order of deportation; thereby making it final 30 days from the date Petitioner was ordered removed.

7. Respondent Alberto Gonzales is the Attorney General of the United States and is the responsible for the administration of ICE and the implementation and enforcement of the Immigration & Naturalization Act (INA). As such, Mr. Gonzales has ultimate custodial authority over Petitioner.

8. Respondent Michael Chertoff is the Secretary of the Department of Homeland Security. He is responsible for the administration of ICE and the implementation and enforcement of the INA. As such, Mr. Chertoff is the legal custodian of Petitioner.

9. Respondent Scott Weber is the ICE field office Director of Detention and Removal Operations Newark District Field Office and is Petitioner's immediate custodian. See Vásquez v. Reno, 233F. 3d 688, 690 (1st Cir. 2000), cert. denied, 122 S. Ct. 43 (2001)

10. Respondent Warden of Hudson County Correction Center, where Petitioner is currently detained under the authority of ICE, alternatively may be considered to be Petitioner's immediate custodian.

## FACTUAL ALLEGATIONS

11. Petitioner, Mory Traore, is a native and citizen of The Republic of Ivory Coast. Petitioner has been in ICE custody since September 22, 2004. An Immigration Judge ordered the Petitioner removed on November 14, 2002.

12. Petitioner first arrived in the United States on May 18, 1994 seeking asylum. Petitioner's has a son who was born a United States citizen. Petitioner also has two brothers and an uncle who are permanent residents here in the United States.

13. Since entering the United States, the Petitioner has lived an exemplary life as a hard working immigrant truck driver. Petitioner believes he may have been charged with "trespassing" sometime in 1998 which was later dismissed. Petitioner has been detained for more than six months after receiving a final removal order, and ice has been unable to carry out his removal. Petitioner's Consulate has not issued travel documents and there is no certainty as to when, if ever, such travel documents will be issued. Thus, Petitioners removal from the United States is not significantly likely to occur in the reasonable foreseeable future. See Habtegaber v. Jenifer, 256 F. Supp.2d 692, 697-98 (E.D. Mich. 2003) (Ethiopian national ordered released after 7 months' detention where neither Ethiopia nor Eritrea responded to INS's request for travel documents); Okwilagwe v. Immigration & Naturalization Services, No. 3-01-CV-1416-BD, 2002WL 356758, *3 (N.D. Tex. Mar. 1, 2002)(alien from Nigeria in custody for 11 months

ordered released under Zadvydas because INS did not have travel documents in hand and there was no certainty as to when such documents might be issued); see also Lewis v. Immigration and Naturalization Services, No. 00CV0758(SJ), 2002 WL 11501158, *4-5 (E.D.N.Y. May 7, 2002)(alien from Barbados provided " good reason" to believe removal not likely to occur in the reasonable foreseeable future where consulate had not responded INS request for travel documents and alien had been detained longer that six months).

14. On September 22, 2004, at Elizabeth Seaport Pier 51, while waiting for a daily cargo x-ray, a US Customs official immerged from an office and asked Petitioner to produce his commercial driver's license as per regulations of the pier. The customs officer returned from the office and instructed Petitioner to pull over and park his rig on the side. The officer then requested more documentation from the Petitioner such as insurance, registration, etc. The Petitioner produced all documents requested of him by the officer. While the customs officer physically inspecting his cargo, another customs officer approached. The second officer informed Petitioner that he had an order of removal and proceeded to handcuff him. Petitioner was then escorted into an office and instructed to sit and wait. The Petitioner's custody was handed over to ICE officers shortly after. Petitioner was driven directly from Elizabeth Seaport Pier 51 to Hudson County Correctional Center where he has languished ever since.

15. To date, however, ICE has been unable to re move the Petitioner to the Republic of Ivory Coast or any other country. Petitioner's home country would not accept his deportation for numerous reasons. Petitioner has provided ICE with copies of

his Ivory Coast passport and birth certificate. The Republic of Ivory Coast refuses to accept deportees. Petitioner has no living relatives or support system in his home country due to an on going political conflict. Petitioner's home country has a consulate in New York and an embassy in Washington, D.C. Petitioner has never heard of his home country accepting citizens for deportation. Petitioner's home country would not confirm his citizenship. Most of Petitioner's relatives and support system are United States citizens. With the assistance and presence of HCCC Social Services personnel Mr. Zapata, Petitioner has made numerous phone calls and written numerous letters to the Ivory Coast consulate and embassy in an attempt to secure travel documents. Petitioner has also written numerous letters to Deportation Officers, notifying them of said conversation with consulates and embassies seeking ICE's assistance in acquiring travel documents.

16. Petitioner has cooperated fully with all efforts by ICE to remove Petitioner from the United States. Petitioner has also provided ICE with names, and addresses of family and friends residing in the United States and request that they contact his home country's embassy and consulate in the United States, in order to facilitate the issuance of a travel document. Petitioner has taken measures to request reinstatement of his previous nationality, registered as required, and has taken all actions that will ensure the issuance of travel document and removal from the United States. Petitioner has provided copies of letters to ICE Officers seeking assistance in acquiring travel documents. Petitioner has signed all documents presented by ICE. The documents include Form I-299(a) Warning for failure to Depart, Instruction Sheet to Detainee Regarding Requirement to Assist in

Removal (served with I-299(a)), and "notice of custody review" scheduled for October 27, 2006 which was served by Deportation Officer Raymond Ortiz. Petitioner has also provided ICE with fingerprints, pictures, and all documents at his disposal. Petitioner has made every effort to help ICE in the proccess and removal.

17. Petitioner's custody status was has never been reviewed. *See INA 8 C.F.R. § 241.4(h)(1)*. Petitioner has never been served with a written decision ordering his continued detention.

18. Petitioner has never been served with a notice transferring authority over his custody status to ICE Headquarters Post-Order Detention Unit ("HQPDU").

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

19. In Zadvydas v. Davis, 533 U.S. 678 (2001), the U.S. Supreme Court held that six months is the presumptively reasonable period during which ICE may detain aliens in order to effectuate their removal. Id. at 702. In Clark v. Martinez, 543 U.S. 371 (2005), the Supreme Court held that its ruling in Zadvydas applies equally to inadmissible aliens. Department of Homeland Security administrative regulations also recognize that the HQPDU has six-month period for determining whether there is significant likelihood of an alien's removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(b)(2)(ii).

20. Petitioner was ordered removed on November 14, 2002, and the removal order became final on December 14, 2002. Therefore, the six-month presumptively reasonable removal period for Petitioner ended March 22, 2005.

## CLAIMS FOR RELIEF

### COUNT ONE

### STATUTORY VIOLATION

21. Petitioner re-alleges and incorporates by references paragraph 1 through 20 above.

22. Petitioner's continued detention by Respondents is unlawful and contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in <u>Zadvydas</u>. The six-month presumptively reasonable period for removal effort has expired. Petitioner still has not been removed, and Petitioner continues to languish in detention. Petitioner's removal to The Republic of Ivory Coast or any other country is not significantly likely to occur in the reasonably foreseeable future. The Supreme Court held in <u>Zadvydas</u> and <u>Martinez</u> that ICE's continued detention of someone like Petitioner under such circumstances is unlawful.

### COUNT TWO

### SUBSTANTIVE DUE PROCESS VIOLATION

23. Petitioner re-alleges and in corporate by references paragraphs 1 through 22 above.

24. Petitioner's continued detention violates Petitioner's right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint.

25. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailored to serve compelling government interest. While Respondents would have an interest in detaining Petitioner in order to effectuate

removal, that interest does not justify the indefinite detention of Petitioner, who is not significantly likely to be removed in the reasonable foreseeable future. Zadvydas recognized that ICE may continue to detain aliens only for a period reasonable necessary to secure the alien's removal. The presumptively reasonable period during which ICE may detain an alien is only six months. Petitioner has already been detained in excess of six month and Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future.

## COUNT THREE

## PROCEDURAL DUE PROCESS VIOLATION

26. Petitioner re-alleges and incorporates by reference paragraph 1 through 25 above.

27. Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. Petitioner in this case has been denied that opportunity. ICE does not make decisions concerning aliens' custody status in a neutral and impartial manner. The failure of Respondents to provide a neutral decision-maker to review the continue custody of Petitioner violates Petitioner's violates Petitioner's right to procedural due process. Further, Respondents have failed to acknowledge or act upon the Petitioner's administrative request for release in a timely manner. There is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates Zadvydas.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release Petitioner from custody;

3) Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner;

4) Award Petitioner attorney's fees and cost under the Equal Access to Justice Act ("EAJA") as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law; and

5) Grant any other further relief that this Court deems just and proper.

I affirm, under penalty of perjury, that the foregoing is true and correct.

_____     _11-27-06_____
Petitioner                    Date Executed

Mory Traore A#73-644-633
Housing Unit A3 West
Hudson County Correction Center
35 Hackensack Ave.
Kearny, NJ 07032

11/28/2006

JUAN ZAPATA
NOTARY PUBLIC OF NEW JERSEY
ID # 2327296
My Commission Expires April 12, 2010