UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MORY TRAORE, : | Civil No. 06-5824 (KSH) |
| Petitioner, : | |
| v. : | **MEMORANDUM OPINION** |
| ALBERTO GONZALEZ, et al., : | |
| Respondents. : | |

THIS MATTER comes before the Court upon motion of petitioner, Mory Traore, requesting appointment of pro bono counsel. Petitioner, who is proceeding *pro se*, has brought a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Petitioner's motion is denied without prejudice.

DISCUSSION

There is no "automatic" constitutional right to counsel in a federal habeas corpus proceeding. Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992); see also Smith v. Angelone, 111 F.3d 1126, 1133 (4th Cir. 1997), cert. denied, 521 U.S. 1131 (1997); Williams v. Turpin, 87 F.3d 1204, 1210 (11th Cir. 1996); Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990); Hooks v. Wainright, 775 F.2d 1433, 1438 (11th Cir. 1985), cert. denied, 479 U.S. 913 (1986).

Any person seeking relief under the federal habeas statutes may be granted counsel, however, "whenever the United States magistrate or the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(g) (1988)("Discretionary appointment"). In addition, the court may use its discretion to appoint counsel to any indigent civil litigant proceeding *in forma pauperis*. See 28 U.S.C. § 1915(e)(1).[1] The factors examined by the court in an application presented under either statute remain largely the same. Compare Reese, 946 F.2d at 263 (relying on § 3006A(g)); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994)(same) with Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997)(articulating the standard under § 1915)(citing Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993)); Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996)(same).

Initially, the district court must first decide if the petitioner has presented a nonfrivolous claim. See Reese, 946 F.2d at 263-64; accord Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); see also Parham, 126 F.3d at 456-57. If the court determines that a claim is not frivolous, the court next must determine whether the appointment of counsel will benefit both the petitioner and the court. See Reese, 946 F.2d at 264; cf.

---

[1] Here, petitioner has not applied for *in forma pauperis* status in this proceeding.

2

Parham, 126 F.3d at 457. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the *pro se* petitioner's ability to investigate facts and present claims. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); accord McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); see also Parham, 126 F.3d at 457-58. Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, see Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991), or the issues were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

Here, there is no indication that petitioner does not fully comprehend the issues he presents in his § 2241 petition. The petition demonstrates petitioner's ability to present his claims "forcefully and coherently." Further, the Court finds that the issues raised by petitioner are neither factually nor legally complex. The claims are straightforward: petitioner challenges his continued detention pending removal on the grounds that his removal is not reasonably foreseeable. Petitioner asserts that

3

the issues in his case are complex, and discovery is needed to prove his claim for habeas relief.  However, petitioner has sufficiently articulated the factual predicates for his claim that his removal from the United States is not reasonably foreseeable, and that he has cooperated fully with immigration officials to effect his removal.  The issues are capable of resolution on the administrative record to be provided by respondents, which eliminates the need for discovery by petitioner.  The record should include all documents and other communications relevant to any efforts by the parties to effect petitioner's removal.  Further, petitioner has not indicated the type of discovery he needs to present his claims.  Therefore, because petitioner has not established sufficient facts that would compel the appointment of counsel in the interests of justice, the Court chooses not to exercise its discretionary power to assign pro bono counsel at this time.

## CONCLUSION

For the foregoing reasons, the Court finds that petitioner's motion for appointment of counsel should be denied, without prejudice, to be renewed if this Court is presented with facts sufficient to mandate the appointment of counsel.  An appropriate Order follows.

/s/ KSH
KATHARINE S. HAYDEN
United States District Judge

Dated: January 3, 2007

4