UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MORY TRAORE,<br><br>        Petitioner,<br><br>v.<br><br>ALBERTO GONZALES, ATTORNEY GENERAL, et al.,<br><br>        Respondents. | Civ. Action No. 06-5824 (KSH)<br><br>**OPINION and ORDER** |

**Katharine S. Hayden, U.S.D.J.**

On December 5, 2006 petitioner Mory Traore ("Traore"), a native and citizen of the Republic of the Ivory Coast who is subject to a final order of removal, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention that began on September 22, 2004. Relying on Zadvydas v. Davis, 533 U.S. 678 (2001), Traore argues that his continued detention is unlawful because his removal is not likely to occur in the reasonably foreseeable future. Respondents filed an answer and opposition to the habeas petition on March 28, 2007, in which they argued that the petition must be denied for two reasons: (1) the long delay in deporting Traore was due primarily to Traore's refusal to cooperate in the effort to obtain travel documents for him; and (2) Traore was scheduled to be removed to the Ivory Coast on April 20, 2007. After being advised that Traore had not been removed on April 20, 2007 as scheduled, the Court issued an order requiring respondents to appear on June 27, 2007 and show cause why Traore's petition should not be granted.

Counsel for respondents appeared at the hearing along with Raymond Ortiz, a deportation officer in the office of the Detention and Removal Operations at the Newark, New Jersey field office of the Department of Homeland Security. The Court finds the following:

1. Traore was admitted to the United States as a visitor for pleasure on or about May 21, 1994. At the time of his entry, Traore was authorized to remain in the United States for six months.
2. Traore stayed beyond the authorized period.
3. Traore petitioned for asylum in 1998, but failed to appear for the asylum interview.
4. INS issued a notice to appear, charging Traore with overstaying his visa.
5. Traore complied with the notice to appear. Following a hearing, an immigration judge ("IJ") denied his petition for asylum and granted Traore a voluntary departure with an alternate order of removal to the Ivory Coast. Pursuant to the terms of the order, Traore was required to voluntarily depart by April 28, 2000.
6. Traore appealed to the Board of Immigration Appeals ("BIA"). On November 14, 2002, the BIA affirmed the IJ's decision. The BIA ordered Traore to voluntarily depart within 30 days.
7. Traore failed to voluntarily depart.
8. On September 22, 2004, Traore was detained while working at the Port of Elizabeth.
9. Traore has remained in custody since September 22, 2004.
10. Traore was scheduled to be removed to the Ivory Coast, through Casablanca, on April 20, 2007, but a terrorist attack in Casablanca on April 19, 2007 prevented respondents from removing Traore as planned.
11. Traore has been cooperating with respondents efforts to obtain documents necessary for him to travel to the Ivory Coast since January, 2007.
12. Despite Traore's cooperation, respondents have been unable to obtain the travel documents necessary to remove him to the Ivory Coast.
13. Respondents are currently not able to remove Traore to the Ivory Coast.

Generally, aliens who are subject to an order of removal must be removed within 90 days of the date the order of removal becomes final (the "removal period"). 8 U.S.C. § 1231(a)(1). However, detention is authorized beyond the removal period if, inter alia, the alien is unlikely to comply with the order of removal. Id. § 1231(a)(6). Respondents contend that Traore's continued detention is lawful because his failure to voluntarily comply with the removal order issued in November, 2002, shows that he is unlikely to comply with removal order if he is released.

In Zadvydas v. Davis, 533 U.S. 678, 702 (2001), the Supreme Court held that the detention of an alien pursuant to 8 U.S.C. § 1231(a)(6) is presumptively reasonable for a period of 6 months. As for detention beyond the presumptively reasonable 6-month period, the Court declared:

> [O]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to

remain reasonable, as the period of post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.

Id. at 702.

Traore has been in custody awaiting removal for more than 32 months and has been cooperating with respondents efforts to obtain documents allowing him to travel to the Ivory Coast for the past 6 months. Despite Traore's cooperation and their best efforts to remove him, respondents have not been able to effect Traore's removal and are unable to provide the Court with a timeframe in which Traore's removal can be expected.

On this record, the Court finds that Traore has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future and that respondents have not provided sufficient evidence to rebut this showing. For this reason, Traore's continued detention is unreasonable and is no longer authorized by 8 U.S.C. § 1231(a)(6).

**GOOD CAUSE** thereby appearing,

**IT IS** on this 27th day of June, 2007,

**ORDERED** that Traore's petition is **granted**; and it is further

**ORDERED** that Traore shall be released from physical custody on an Order of Supervision pending the issuance of travel documents, said order to set forth reasonable terms and conditions of release.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.